United States District Court
Southern District of Texas

**ENTERED**

June 30, 2026

Nathan Ochsner, Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| Ester Evangelina Cruz Perez, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil No. 4:26-cv-2142 |
| | § | |
| Martin L Frink, *et al.*, | § | |
| | § | |
| Respondents. | § | |

## <u>ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS</u>

Petitioner Ester Evangelina Cruz Perez is a native and citizen of Guatemala who concedes that she unlawfully entered the United States in 2007. Docs. 1 at 3, 7-1 at 2. On March 1, 2026, she was detained by the Department of Homeland Security pursuant to 8 U.S.C. § 1225(b), and she remains in the custody of the Respondent, Warden of the Houston Contract Detention Facility. Doc. 1 at 3. Petitioner seeks a writ of *habeas corpus* under 28 U.S.C. § 2241 on the grounds that her present detention without a bond hearing violates (i) substantive due process; (ii) procedural due process; and (iii) equal protection.

Now before the Court is Respondent's Motion for Summary Judgment, Doc. 7, to which Petitioner has responded in opposition. Doc. 8. Respondent maintains that Petitioner is not entitled to a bond hearing because she is an "applicant for admission" under 8 U.S.C. § 1225(b)(2)(A) and is therefore subject to mandatory detention during her removal proceedings. *See* Doc. 7 at 3; *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026).

The Court has previously resolved the precise challenges raised by Petitioner, determining that the United States may subject aliens awaiting a final removal order to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). *See Campos Bernal v. Frink*, 4:26-cv-2239 (S.D. Tex. June 23, 2026). This Court held that for aliens such as Petitioner, pre-removal-order detention is both demanded by the Immigration and Nationality Act and a constitutionally permissible part of the removal process. *See id.* at 7, 10 (citing *Demore v. Kim*, 538 U.S. 510, 531 (2003)).

As such, Respondent's Motion for Summary Judgment is GRANTED, and the Petition for writ of *habeas corpus* is DENIED. This action is DISMISSED WITH PREJUDICE. A final judgment will be entered separately.

**SO ORDERED.**

**SIGNED** at Houston, Texas, on the 30th of June, 2026.

_____
Nicholas J. Ganjei
United States District Judge

2